CORPORATION COURT OF THE CITY OF WINCHESTER

Colleen O. Megeath

    v.

Thomas J. Rutherford

February 10, 1961

By JUDGE ELLIOTT MARSHALL

In this case if the jury are required to accept the uncontradicted testimony of the plaintiff corroborated to some extent by expert opinion witnesses her actual monetary loss would total more than the amount of $10,000.00 awarded in the jury's verdict. There is no transcript of the evidence available, but from the statement supplied by counsel for the plaintiff the following items were proven by her:

Out of Pocket:
| | |
|---|---|
| (1) Medical, drugs and expenses | $4670.20 |
| (2) Neurological treatment | 1200.00 |

Loss of Earnings:
| | |
|---|---|
| (1) Total disability | 204.00 |
| (2) Partial disability 2/13/59-12/16/60 | 6940.00 |

                                Total    $13,014.20

Obviously, therefore, the verdict could not stand, because the jury would have ignored the established facts of the case.

The only question to decide is whether the jury are required to accept the evidence presented in its entirety.

As to the testimony of the plaintiff, it must not be forgotten that under the Common Law she could not even take the witness stand in her own behalf. She was incompetent to testify for two reasons: first, because she was a party; and, second, because of her interest in the outcome of the action. Va. Code Secs. 8-285 and 8-286 removed this incompetency and inferentially went so far as to make it possible for an interested party to recover a verdict and/or judgment upon his uncorroborated testimony unless the adverse party should be "from any cause, incapable of testifying . . ." (Italics Supplied). While these statutes no doubt ordinarily contemplate a situation where the adverse party has died or for some reason is incapable of taking the witness stand in his own behalf, they might be construed to cover a situation where a party seeks to recover upon his uncorroborated testimony concerning a fact within his peculiar knowledge and obviously incapable of contradiction by the adverse party. However, even though a jury might have the right to accept such uncorroborated testimony the general rule seems to be that it is never required to accept it, at least in its entirety, and this, even though there is no "inherent improbability" in the testimony. 53 Am. Jur. pp. 252, 297, 298; 58 A.L.R. p. 496. It seems to me that this principle is especially applicable where subjective matters play an important part in the testimony which by its very nature is difficult of contradiction or successful attack. Physical disabilities, pain, suffering the like are matters extraordinarily subject to exaggeration and over accentuation. An exaggeration of subjective symptoms may also be the basis for expensive treatment.

Under the Common Law expert witnesses had not attained their modern prevalence and stature, but we can speculate that they were not incompetent unless it could be demonstrated that they were interested in the action. It may be that the mere fact that they were paid to testify would render them incompetent; undoubt-

edly they would be incompetent if their compensation were in any way influenced by the outcome of the case.

What a travesty it would be if these Common Law rules of evidence had not been abolished, and the modern personal injury plaintiff and his experts were still rendered incompetent to testify. The plaintiff could exhibit his wounds and make an unsworn appeal to the jury, but the only evidence he could produce would be the testimony of his disinterested neighbors or associates as to his apparent incapacities and perhaps his visual and vocal complaints.

Under the Virginia statute, supra, the jury could accept the opinion of experts in its entirety and base their verdict thereon, but they are not required to accept such testimony, "even in those instances where several competent experts concur in their opinion and no opposing expert evidence is offered . . ." 20 Am. Jur. pp. 1059, 1060, 1061.

In sum, the weight and credibility of the testimony of interested parties and expert opinion taken separately is peculiarly within the province of the jury to decide, even though uncontradicted and not inherently incredible. This, I think, must be true even though the testimony of each tends to corroborate the other. By this, it is not meant, of course, that a jury has the right or power arbitrarily to ignore such testimony in its entirety but they may decide for themselves how much to believe, especially where the testimony is concerned with personal disabilities, the reasonable necessity for treatment thereof, and the reasonable costs and expense of such treatment.

If we apply these principles to the instant case the jury may not have believed that plaintiff's injury was quite as disabling as she said it was and, consequently, that she was not reasonably required to have expended some $5,700.00 in medical and neurological treatment. In fact they may not have believed that she was a victim of "traumatic neurosis" at all or that, if she were that $1,200.00 was reasonably necessary for the treatment. By the same token they may not

have believed that her pain and partial disability occurring about one year from the accident were the proximate result thereof, and, therefore, that she was not entitled to some $6,900.00 in loss of earnings. They may not have believed that her double vision was attributable to the accident. If the jury were not required to accept this evidence they may have concluded that her total reasonably necessary monetary losses including medical expense and loss of wages during total disability did not exceed $3,000.00. If they were justified in this decision $7,000.00 for pain and suffering and permanent disability, though perhaps small by modern jury standards, is not unusual in compromise settlements.

The Court, of course, has no right to set aside a verdict where fraud or mistake is not alleged merely because the amount of the verdict may appear inadequate or excessive. The size of the verdict must be so shockingly disparate to the evidence as to demonstrated clearly that the jury were inspired by prejudice or that they ignored the uncontroverted evidence. The defendant's denial in his pleadings creates a controversy as to the weight and credibility of all interested parties and expert witnesses and unless it is clear that the jury must have arbitrarily rejected their testimony the verdict cannot be disturbed. In this case it is not clear to me that the jury made such an arbitrary rejection.

Accordingly, in my opinion the motion to set aside the verdict must be overruled.